UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven P. Viani,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Nationwide Mutual Insurance Company,<br><br>　　　　　Defendant. | No. 2:23-cv-00331-KJM-AC<br><br>ORDER |

　　　　In this insurance coverage dispute, plaintiff Steven Viani moves to compel an appraisal of disputed damages under the terms of the insurance policy with defendant Nationwide Mutual Insurance Company. As explained in this order, the motion is **granted**. The appraisal process is an "arbitration" under the terms of the Federal Arbitration Act, and this court must compel the parties to complete the appraisal under the terms of that act regardless of any related coverage disputes.

**I.    BACKGROUND**

　　　　In October 2021, Viani's home was damaged in a storm. Viani Decl. ¶ 2, ECF No. 16-2. He submitted a claim to Nationwide, which had issued him a homeowner's insurance policy. *Id.* Nationwide estimated it would cost about $3,175 to repair the damage. *Id.* ¶ 3. Nationwide also told Viani it was denying part of his claim because some of the damage was excluded from coverage; according to Nationwide's letter, some damage had not been caused by the storm, but

1

1   rather by ordinary wear and tear and a lack of maintenance. *Id.* ¶ 4 & Ex. B at 2.  In response,

2   Viani hired a contractor, who estimated the true cost of repairs would exceed $350,000. *Id.* ¶ 6 &

3   Ex. C.  Viani then filed his complaint in this action. *See generally* Compl., ECF No. 1.  He

4   alleges Nationwide breached its obligations under the insurance policy and denied coverage in

5   bad faith. *See id.* ¶¶ 28–45.

6        A few months later, while the case was pending, Viani requested an appraisal of the

7   damage, Viani Decl. ¶ 8; Halavanau Decl. ¶ 2, ECF No. 16-1, as the policy permitted him to

8   demand:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that the selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>     a. Pay its chosen appraiser; and
>
>     b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

21  Halavanau Decl. Ex. B at 35–36 of 41.  Nationwide refused Viani's request for an appraisal

22  because in its estimation, their dispute was not about the amount of the loss but rather about

23  whether the policy covered the loss in the first place. *Id.* ¶ 2.

24       Viani now moves to compel an appraisal as an "arbitration" under the Federal Arbitration

25  Act. *See* Mot. at 2, ECF No. 16; Mem. at 10–11, ECF No. 16.  He also moves to stay discovery

26  during the appraisal.  Mot. at 2; Mem. at 11.  Nationwide opposes the motion on both fronts. *See*

27  *generally* Opp'n, ECF No. 17.  The court took the matter under submission without a hearing

28  after briefing was complete. *See* Reply, ECF No. 18; Min. Order, ECF No. 20.

## II. DISCUSSION

The Federal Arbitration Act makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may request a federal district court issue "an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. The district court then decides whether the parties agreed to arbitrate and if so, whether that agreement "covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If both conditions are satisfied, the district court must compel arbitration unless the opposing party shows the dispute is not actually subject to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). This is so even "if a dispute presents multiple claims, some arbitrable and some not," and "even if this will lead to piecemeal litigation." *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011) (per curiam) (citing *Dean Witter*, 470 U.S. at 218).

The Federal Arbitration Act does not define "arbitration." If there is uncertainty about whether a particular process counts as an "arbitration" for purposes of the Federal Arbitration Act, the court refers to the relevant state's law. *See Portland Gen. Elec. Co. v. U.S. Bank Tr. Nat. Ass'n as Tr. for Tr. No. 1*, 218 F.3d 1085, 1086 (9th Cir. 2000). Federal courts within the Ninth Circuit have held that agreements to conduct "appraisals" in California insurance contracts are agreements to arbitrate that can be enforced under the Federal Arbitration Act. *See, e.g.*, *Wasyl, Inc. v. First Bos. Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987) (citing Cal. Civ. Proc. Code § 1280(a) (1982)); *Pollock v. Fed. Ins. Co.*, No. 21-09975, 2022 WL 2756669, at *7 (N.D. Cal. July 14, 2022) (citing *Fed. Ins. Co. v. Anderson*, No. 18-06920, 2019 WL 8128570, at *3–4 (N.D. Cal. Sept. 27, 2019) and *Kirkwood v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 193 Cal. App. 4th 49, 57 (2011)).

Viani thus argues the appraisal provision in his insurance policy must be enforced. *See* Mem. at 6. Nationwide disputes neither that it agreed to participate in appraisals nor that appraisal agreements generally are enforceable under the Federal Arbitration Act. It argues

3

instead (1) the parties did not agree to refer a dispute like this one to an appraisal, i.e., a disagreement about whether the policy covers specific losses, *see* Opp'n at 4, and (2) an appraisal would be inefficient and wasteful if it is conducted before this court decides what claims are covered, *see id.* at 5. The court is not persuaded by either argument.

First, as other federal district courts have persuasively reasoned in similar cases, coverage disputes are no bar to an appraisal when a party seeks that appraisal under the Federal Arbitration Act. *See Pollock*, 2022 WL 2756669, at *10–13; *Guarachi v. Aspen Specialty Ins. Co.*, No. 21-1422, 2021 WL 6427658, at *3 (C.D. Cal. July 16, 2021); *Fed. Ins. Co.*, 2019 WL 8128570, at *5. Although "[t]he appraisal process is limited in scope" to "the amount of damage[s]" and cannot resolve coverage disputes, an appraisal may still "assign a value to items as to which coverage is disputed with the disclaimer that the award does not establish coverage or the insurer's liability to pay." *Fed. Ins. Co.*, 2019 WL 8128570, at *5 (quoting *Lee v. Cal. Capital Ins. Co.*, 237 Cal. App. 4th 1154, 1166, 1169–70 (2015)). "[T]he disputed items must be submitted to an appraiser for valuation under the terms of the parties' agreement, and coverage can be litigated afterwards if necessary." *Pollock*, 2022 WL 2756669, at *13. The "labels" the parties might apply to their disputes do not change the analysis. *Guarachi*, 2021 WL 6427658, at *3. Disputes about "estimates, costs of repair, and whether further payment is required," like the disputes in this case, are proper subjects of an appraisal. *Id.*

Second, under the Federal Arbitration Act, if the parties have agreed to an appraisal, federal district courts cannot stay the appraisal while it resolves any related coverage disputes. *See Pollock*, 2022 WL 2756669, at *13; *Fed. Ins. Co.*, 2019 WL 8128570, at *5. That is true "regardless of any efficiency concerns." *Fed. Ins. Co.*, 2019 WL 8128570, at *5. The Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218 (emphasis in original). "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is piecemeal litigation, at least absent a countervailing policy

4

manifested in another federal statute." *Id.* at 221 (citation and quotation marks omitted). "[T]he relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) (emphasis in original). For these reasons, the motion to compel arbitration must be granted.

Viani also asks the court to stay this action until the appraisal is complete. *See* Mem. at 10. Federal district courts have inherent authority and discretion to stay claims that are not subject to an arbitration agreement. *See Moses H. Cone*, 460 U.S. at 20 n.23; *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). A stay may be appropriate to avoid the "duplication of effort" when "the type of controversy . . . seems one well-suited to the informal, and often expeditious, proceedings which generally characterize arbitration." *United States v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985). In some situations, a stay may in fact be mandatory under section 3 of the Federal Arbitration Act. *See Fed. Ins. Co.*, 2019 WL 8128570, *6 (citing 9 U.S.C. § 3). Here, it is not necessary to decide whether the stay is mandatory or within the court's discretion. The result would be the same in either instance: a stay will avoid confusion and needlessly concurrent or duplicative litigation about Viani's claims and their value. The court grants the motion to stay.

## III. CONCLUSION

The motion to compel arbitration and to stay is **granted** as follows:

- **Within twenty-one days** of the day this order is filed, the parties must meet and confer and submit a joint report with a stipulated proposed list of all items to be appraised. If after good faith efforts to meet and confer the parties cannot agree to a stipulated list, they may submit competing proposed lists. If the parties propose competing lists, they may each file a supplemental brief in support of their proposal, which must not exceed five pages each. The parties' joint or separate reports must also propose deadlines for the selection of appraisers and an umpire and for any request to this court to select an umpire under the policy's terms.

- **Within ninety days** of the date this order is filed, and every ninety days thereafter until the appraisal proceedings are complete, the parties must file a joint status report on the status of those proceedings.
- **Within fourteen days** of the date the appraisal proceedings are complete, the parties must file a further joint status report on the outcome of those proceedings. The further report must also include a discussion of the topics listed in Local Rule 240(a).
- This action is otherwise **stayed** pending resolution of an appraisal under the policy's terms.

This order resolves ECF No. 16.

IT IS SO ORDERED.

DATED: February 2, 2024.

CHIEF UNITED STATES DISTRICT JUDGE