UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RODRIGUEZ AGUILAR<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,[1]<br><br>Respondents. | No. 1:26-cv-04499-DJC-CKD<br><br><u>RELEASE ORDER</u><br><br>A# 088-519-896 |

Petitioner Andres Rodriguez Aguilar is a noncitizen detainee proceeding under a First Amended Petition for Writ of Habeas Corpus. (FAP (ECF No. 11).) This Court grants Count 3 of the Petition and orders Petitioner's release from custody.

**BACKGROUND**

Petitioner, a noncitizen originally from Cuba, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (FAP ¶¶ 1, 5.) Petitioner received a

[1] Petitioner also named Pamela Bondi, "Attorney General of the United States," and Kristi Noem, "Secretary, United States Department of Homeland Security," and Todd Lyons "Acting Director, Immigration and Customs Enforcement," as Respondents, although all three no longer hold the position described. Pursuant to Federal Rule of Civil Procedure 25(d), their successors in office are automatically substituted and the "misnomer" is "disregarded" as it does not affect "the substantial rights of the parties." Therefore, Todd Blanche, Markwayne Mullin, and David J. Venturella in their official capacities are substituted.

final removal order on August 6, 2013. (*Id.* ¶ 6.; Opp'n (ECF No. 15) Ex. B.) He was placed into criminal custody following a conviction and released in 2022 on an Order of Supervision. (*Id.* ¶ 3.) Respondents state that "Petitioner was to board a flight for self-departure on May 14, 2026" and that "Petitioner's failure to report for his flight resulted in his detention." (Opp'n at 2; Opp'n Exs. E and F.) On May 29, 2026, a week after being detained, Petitioner was given notice of his removal to a third country, Mexico, but refused to give his consent. (Opp'n Ex. G.) On August 11, 2026, DHS revoked Petitioner's Order of Supervision and provided him with an informal interview. (Opp'n Ex. C at 2.) The briefing on this matter is complete. (Pet. (ECF No. 1); FAP; Opp'n; Reply (ECF No. 16).)

## DISCUSSION

This case is materially indistinguishable from the Court's prior decisions in *Llopiz Estrada v. Warden,* No. 1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *1 (E.D. Cal. July 29, 2026); *Garcia Lopez v. Warden, California City*, No. 1:26-cv-05318-DJC-AC, 2026 WL 2323196, at *1 (E.D. Cal. Aug. 11, 2026); *Outerino v. Warden, Mesa Verde ICE Processing Center*, No. 1:26-cv-05326-DJC-JDP, 2026 WL 2327873, at *2 (E.D. Cal. Aug. 11, 2026), which concerned Cuban nationals previously released on an Order of Supervision and detained to effectuate removal to Mexico despite their non-consent to the removal.[2] The Court resolves the case on the same basis and concludes that the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, and that consequently, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2).[3]

---

[2] The present case differs only in that Respondents articulated Petitioner's "failure to report for his flight" as the initial justification for his detention, and then, after Petitioner's detention, notified him of their intent to remove him to Mexico. This further weakens Respondents' claim that they have properly revoked Petitioner's release: as Petitioner points out, the Government may not rely on changed circumstances not present at the time supervised released was revoked to justify re-detention. (FAP ¶ 33, citing *Pham v. Warden*, No. 1:25-cv-01873-DC-AC, 2026 WL 849861, at *12 (E.D. Cal. Mar. 27, 2026).)

[3] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 3 of the Petition.[4]
2. Respondents are ordered to IMMEDIATELY RELEASE Andres Rodriguez Aguilar from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve Golden State Annex Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Aguilar-1:26-cv-04499.merits

---

[4] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.